**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>       Debtors.[1]<br><br>FITZWALTER CAPITAL PARTNERS<br>(FINANCIAL TRADING) LIMITED,<br><br>       Appellant,<br><br>v.<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>       Appellees. | Chapter 11<br><br>Bankr. No.: 21-12075 (DSJ)<br><br>(Jointly Administered)<br><br><br><br>Case No.: 22-cv-01582 (PGG) |

**STIPULATION AND AGREED ORDER TO EXTEND DEADLINES**

  This joint Stipulation and Agreed Order ("Stipulation & Order") is entered into by and among the above-captioned debtors and debtors in possession as appellees (the "Debtors" or the "Appellees") and FitzWalter Capital Partners (Financial Trading) Limited as appellant ("FitzWalter" or the "Appellant" and together with the Appellees, the "Parties" or individually, a "Party").

---

[1]  The Debtors in the Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

**Recitals**

WHEREAS, on December 17, 2021, each of the Debtors commenced their chapter 11 cases (the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on January 2, 2022, FitzWalter filed the *Motion of FitzWalter Capital Partners (Financial Trading) Limited to Dismiss or Abstain From Hearing These Chapter 11 Cases* [Bankr. Dkt No. 22][2] (the "Motion to Dismiss");

WHEREAS, on February 1, 2022, the Bankruptcy Court issued the *Memorandum of Decision and Order Resolving Motion to Dismiss* [Bankr. Dkt. No. 97] (the "Memorandum Decision and Order") denying the Motion to Dismiss;

WHEREAS, on February 15, 2022, Appellant filed the instant appeal of the Memorandum Decision and Order (this "Appeal");

WHEREAS, on March 25, 2022, the Bankruptcy Court entered the *Order (A) Approving Stalking Horse Purchase Agreements; (B) the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (D) Granting Related Relief* [Bankr. Dkt. No. 180] (the "Sale Order"), approving, among other things, the Debtors' sale of substantially all of their assets (the "Sale") and a settlement related thereto, a copy of which is attached as Exhibit D to the Sale Order (the "Settlement");

WHEREAS, pursuant to the Settlement, (a) upon the closing of the Sale, Appellant agreed to voluntarily dismiss this Appeal with prejudice, and (b) by no later than one (1)

---

[2] References to "Bankr. Dkt. No. __" refer to the docket of the Chapter 11 Cases.

2

business day following the closing of the Sale, Appellant agreed to file a notice effectuating the foregoing voluntary dismissal with prejudice; and

WHEREAS, as of the date hereof, the closing of the Sale has not yet occurred.

NOW, THEREFORE, to facilitate the orderly adjudication of this Appeal, the Parties have agreed to extend certain dates and deadlines related to this Appeal as set forth below, which is necessary and appropriate to allow the Debtors to close the Sale in an efficient and expedient manner and for the Parties to carry out the terms of the Settlement,

**IT IS THEREFORE STIPULATED AND AGREED**:

1. The Parties hereby request that the Court grant (a) a thirty (30) day extension for Appellant to file its opening brief in this Appeal from April 25, 2022 to May 25, 2022, and (b) a corresponding thirty (30) day extension for the Appellees to file its response brief (the foregoing (a) and (b) together, the "Extension").

2. No prior request for the Extension has been made in this Appeal.

3. The Extension requested by this Stipulation & Order is without prejudice to rights of either Party to seek further extensions whether or not such a request is consented to by the other Party.

4. Nothing in this Stipulation & Order is intended to be or shall be treated as an admission with respect to any of the issues subject to the Appeal.

5. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation & Order on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation & Order.

6. This Stipulation & Order shall not be altered or modified, except by written agreement of all Parties with applicable Court approval or by order of the Court.

7.      This Stipulation & Order may be executed and delivered (including by email or facsimile) in one or more counterparts, and by the different Parties hereto in separate counterparts, each of which when executed will be deemed to be an original, but all of which taken together will constitute one and the same agreement.

Dated: _____
       New York, New York

                                        _____
                                        HONORABLE PAUL G. GARDEPHE
                                        UNITED STATES DISTRICT JUDGE


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  April 13, 2022
        New York, New York

| /s/Kyle J. Ortiz | /s/Zachary R. Russell |
|---|---|
| **TOGUT, SEGAL & SEGAL LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Kyle J. Ortiz | Benjamin I. Finestone |
| Brian F. Shaughnessy | Zachary R. Russell |
| Jared C. Borriello | 51 Madison Avenue, Fl. 22 |
| One Penn Plaza, Suite 3335 | New York, NY 10010 |
| New York, New York 10119 | Telephone: (212) 849-7000 |
| Telephone:  (212) 594-5000 | Facsimile: (212) 849-7100 |
| *Counsel to the Debtors and Debtors in Possession, as Appellees* | *Counsel to FitzWalter Capital Partners (Financial Trading) Limited, as Appellant* |